IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEON VILLEGAS,                    No. 2:13-cv-0168-GEB-CMK-P

    Plaintiff,

  vs.                                 FINDINGS AND RECOMMENDATION

GARY SWARTHOUT, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Swarthout's unopposed motion to dismiss (Doc. 18). Defendant Swarthout is the only defendant who has been served with the summons and complaint. Service as to defendant Peterson was returned unexecuted. Plaintiff has not provided service information as to the Doe defendant.

**I. BACKGROUND**

        This action proceeds on plaintiff's first amended complaint. The court previously summarized his claims as follows:

> In his amended complaint, plaintiff continues to allege he has a serious medical condition which was not treated in a timely fashion while he was housed at California State Prison-Solano (CSP-Solano). Plaintiff claims that he broke his ankle, which required surgery to repair. However, there were delays in receiving

1

the necessary orthopedic consultation and transportation to the surgery once it was approved, resulting in further and more serious injuries. He alleges defendant Swarthout, as warden of the prison, was responsible for policies at CSP- Solano, including those responsible for the transportation of prisoners to outside medical appointments. He further claims defendant Peterson was responsible for the management of the health care system, facilitating appointments, and managing the movement and transporting of prisoners to medical appointments. Defendant Peterson failed to process plaintiff's referral for medical consultation. Plaintiff also alleges that Doe defendant, a transportation sergeant, was responsible for the healthcare transports, and failed to properly arrange plaintiff's transportation.

(See Order, Doc. 13).

As relevant to defendant Swarthout, the moving defendant, plaintiff alleges he is "responsible for the governing, discipline and policies of CSP Solano, and to enforce all orders and regulations, including such policies and orders/regulations pertaining to Health Care Services and the medical treatment of all inmates at CSP-Solano. Defendant G. Swarthout is legally responsible for the operation of CSP-Solano and the welfare of all the inmates of that prison." (Am. Compl., Doc. 9 at 4).

## II. MOTION TO DISMISS

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant argues the facts alleged fail to state a claim against him for deliberate indifference, there are no facts alleged that prison policies amount to deliberate indifference, and that his position as supervisor is insufficient to make him liable under a respondeat superior theory. Plaintiff failed to file an opposition in response to the motion to dismiss. Plaintiff was cautioned that failure to oppose a motion to dismiss may be deemed a waiver of opposition. As plaintiff failed to oppose the motion, the motion may be granted on that basis. However, as addressed below, the motion to dismiss should be granted on the merits as plaintiff fails to state a claim.

/ / /

/ / /

2

### A. Standards

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 662, 544, 555-57 (2007).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Generally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Defendant contends plaintiff fails to state a claim on three basis: insufficient facts showing deliberate indifference, prison policies do not amount of deliberate indifference, and no respondeat superior liability.

### 1. Supervisory Liability

First, to the extent defendant contends he cannot be held liable solely on the basis of his position as a supervisor, he is correct. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional

4

violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

The only allegations in the complaint regarding defendant Swarthout's connection to plaintiff's alleged constitutional violation is based on his position wherein he is responsible for the policies and operation of the prison. There are no facts that defendant Swarthout was personally involved in any treatment plaintiff complains about. Thus, to extend plaintiff alleges defendant Swarthout is liable for the actions of his others based solely on his position as a supervisor, he fails to state a claim and the motion to dismiss should be granted accordingly.

### 2. Prison Policies

Next, defendant contends the threadbare and conclusory allegations regarding his responsibility relating to prison policies are insufficient to state a claim.

As stated above, a supervisor may be liable for implementing a deficient policy, if the policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation. See Redman, 942 F.2d at 1446. However, here, plaintiff's allegations are insufficient to contend there was a deficient policy or that defendant Swarthout was instrumental in implementing the deficient policy. Such conclusory and vague allegations are insufficient. The complaint therefore fails to state a claim regarding any deficient policy defendant Swarthout may have been responsible for, and the motion to dismiss should be granted.

### 3. Medical Treatment

Finally, as to the medical treatment claim, defendant argues there are no facts alleged that he was deliberately indifferent to any serious medical need of plaintiff's.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, may give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.

However, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

There are no allegations that defendant Swarthout was directly involved in the incident giving rise to plaintiff's complaint. Plaintiff's claim for an Eighth Amendment violation rests on allegations that he was not provided transportation to his medical appointments in a timely and efficient manner, resulting in a worsening of his condition and treatment. Defendant Swarthout's only involvement in those allegations, as set forth above, stem from his supervisorial position and his implemental allegedly deficient policies. There are no allegations that defendant Swarthout was personally involved in the delays of transporting plaintiff. As such, plaintiff has not stated a claim against defendant Swarthout for deliberate indifference to his medical needs. For these reasons, defendant Swarthout's motion to dismiss should be granted.

**C.    OTHER DEFENDANTS**

In addition to defendant Swarthout, plaintiff named two other defendants in his amended complaint: Peterson and Doe transportation sergeant. Service of process on defendant Peterson was returned unexecuted. Service on the Doe defendant was authorized, but plaintiff has not provided the court with sufficient information to effect service. Plaintiff was informed that identifying Doe defendants is his responsibility, and that undue delay in discovering the defendant's name may result in the denial of leave to proceed against such a defendant. Plaintiff was similarly informed that it is his responsibility to serve the defendants and that failure to effect service may result in the dismissal of unserved defendants. (See Doc. 13).

Plaintiff has had over a year to identify and/or obtain identifying and locating information for his defendants. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 90 day after the complaint is filed, the court must dismiss the action without prejudice against that defendant. Service of the complaint was authorized on

April 7, 2016.  Plaintiff has had well over the amount of time contemplated in Rule 4(m) to effect service.  As it appears plaintiff is unable or unwilling to effect service, this action should be dismissed, without prejudice, as to both defendant Peterson and Doe transportation sergeant.

### III. CONCLUSION

Based on the foregoing discussion, the undersigned finds that plaintiff's complaint fails to state a claim against defendant Swarthout.  In addition, the undersigned finds plaintiff has failed to effect service as to defendant Peterson and Doe transportation sergeant within the time provided by Rule 4(m).

Accordingly, it is hereby recommended that:

1. Defendant's motion to dismiss (Doc. 20) be granted and defendant Swarthout dismissed from this action;

2. This action be dismissed, without prejudice, as to both defendant Peterson and Doe transportation sergeant for failure to effect timely service; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 31, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE